MAY 25, 1804.

# Thomas Marshall v. The Commonwealth.

*Upon a writ of error to reverse a judgment of the Circuit Court of Mason county.*

Where, by an order of the county court, one of the rooms of the court-house was assigned to its clerk as an office in which to keep his records, the circuit court has no authority to compel the clerk to give up the possession of the room for the use of its jurors until the order of the county court, putting him in possession, had been rescinded.

By an act of this state the several county courts are authorized and required to erect and keep in repair, at the charge of their respective counties, a good and sufficient court-house, to purchase land whereon to erect it, and the fee simple thereof is declared to be in these courts for the use of their counties; and it is conceived that the preservation of the records and papers of a court, and the keeping them at a convenient place, are objects of such great importance that when any county court appropriates a room in their court-house as an office for their clerk, or the clerk of any other court which is held therein, it ought not to be considered as beyond the power with which they are invested by this act,

although another act may be necessary to compel the clerk to keep his office in it. At least, it is certain that the freehold of the court-house, and the land on which it stands, being vested in the county court, as trustees for the county, they can only be restrained from an abuse of the trust reposed in them, or compelled to fulfill it, after an opportunity has been given them of being heard before a competent tribunal; or, if it should be found that the county court are not made responsible in this instance to any tribunal, it must be considered as a *casus omissus* which can only be supplied by the legislature. True it is, that by a subsequent act the circuit court for the county of Mason is directed to be held in the court-house, of which the room in question is a part; and this must imply that it is the duty of the county court to permit the circuit court, during their terms, to have the use of the court room, and as many of the other rooms in the court-house, if so many there be, as may be necessary for their juries; and the county court may have done wrong in appropriating one of the rooms in this court-house as an office for their clerk, but it could not be right for the circuit court to order the clerk to give up the room, or the key and use of the room, until the order of the county court by which he was invested with the possession of it was rescinded or quashed. Therefore, it is considered by the court, that the judgment aforesaid be reversed, annulled, and set aside.